IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-cv-2258 |
| B5 INSTALLATIONS, LLC, an Indiana limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, by and through its attorneys, PAUL M. EGAN, JAMES R. ANDERSON, GRANT R. PIECHOCINSKI and ARNOLD AND KADJAN, LLP, complains against the Defendant, B5 INSTALLATIONS, LLC, as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185 and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiff's Fund is administered here in this judicial district.

### The Parties

3. The Plaintiff, Trustees of the Chicago Painters and Decorators Welfare Fund ("the Fund"), has standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

1

4. The Fund has been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), including Local 830.

5. The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Fund.

6. Defendant B5 INSTALLATIONS, LLC ("B5"), an Indiana limited liability company, since on or about October 15, 2013, has executed collective bargaining agreements with the Union which bound B5 at all pertinent times herein to its collective bargaining agreement with affiliated Locals of the Painters' District Council No. 14, including Local 830. A copy of the applicable collective bargaining agreement is attached as "Exhibit 1".

## The Agreements

7. B5 has adopted, affirmed and ratified the terms of the Trust Agreement by submitting and paying contributions via remittance reports. B5 is required to make periodic contributions to the Fund for each employee employed during that month. In the event that contributions are not paid on a timely basis, the Trust Agreement provides that the employer must pay liquidated damages as follows: (1) ten percent (10%) of the delinquent contributions for the first month that contributions are late in a calendar year; and fifteen percent (15%) of the delinquent contributions for each successive month in the same calendar year.

8. Under the terms of the collective bargaining agreements and Trust Agreement to which it is bound, B5 is required to submit all necessary books and records to Plaintiff's auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Fund. In addition, the Labor Agreement requires B5 to pay penalties assessed by the Trustees and the Trust Agreement require B5 to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Fund in the collection process.

## The Claim

9. Upon information and belief, Plaintiff is advised that B5 has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay its November, 2024, December, 2024 and January 2025 contribution reports.

10. To determine the extent of Defendant's liability, Plaintiff requires a fringe benefit contribution compliance audit of Defendant's books and records for the period of December 1, 2023 through the present.

11. Plaintiff has been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from B5.

12. B5 is obligated to pay the attorneys' fees and court costs incurred by Plaintiff pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiff is entitled to an amount equal to the greater of:

    (i)    interest on the unpaid contributions; or

    (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, Plaintiff prays for relief as follows:

A. This Court order B5 to pay all delinquent reports and contributions and submit all necessary books and records to Plaintiff's auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of December 1, 2023 through the present;

B. That judgment be entered in favor of Plaintiff and against Defendant in the amount shown to be due on the audit;

C. That Plaintiff be awarded its costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of up to 15%, and interest, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

D. This Court grant Plaintiff such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND**

By: /s/ James R. Anderson
*One of Plaintiff's Attorneys*

PAUL M. EGAN
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415